# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

UNITED STATES OF AMERICA                                          **PLAINTIFF**

**v.**                                                  **No. 1:10CR95-SA-DAS**

**CESAR AMADO LOPEZ-CASTILLO**                              **DEFENDANT**

## MEMORANDUM OPINION

This matter comes before the court on the motion of Cesar Amado Lopez-Castillo to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The court ordered that transcripts of the proceedings be provided to the movant – and set a deadline of 60 days for him to supplement his § 2255 motion. The movant, however, failed to do so. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be dismissed as untimely filed.

### Facts and Procedural Posture

Cesar Amado Lopez-Castillo was charged in a one-count indictment alleging reentry of an illegal alien following deportation, which deportation was subsequent to a conviction for commission of an aggravated felony, to wit, Conspiracy to Commit Murder, all in violation of 8 U.S.C. § 1326(a). Prior to trial, Lopez-Castillo signed a plea agreement, then pled guilty under the terms of that agreement. On July 12, 2011, the court sentenced Lopez-Castillo to serve 57 months in prison. He did not appeal the conviction or sentence. On November 26, 2012, the he filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

In the instant § 2255 motion, Lopez-Castillo makes the following claims for relief, all under a theory of ineffective assistance of counsel: (1) that counsel promised a certain outcome, such as a two-year cap and a downward departure under United States Sentencing Guidelines § 5K3.1 (Early Disposition Program), (2) that counsel threatened to withdraw if Lopez-Castillo would not plead guilty, and (3) that his plea was "involuntary and unknowing."

**One-Year Limitations Period**

The statute of limitations for seeking *habeas corpus* relief under § 2255 is one year after the conviction becomes final. 28 U.S.C. § 2255(f)(1). If the petitioner does not file a direct appeal, a § 2255 petition must be filed within one year after the 14-day period for filing a direct appeal has expired – 14 days after entry of judgment. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). In this case, the court entered judgment on July 12, 2011. The 14-day period to file a direct appeal thus expired on July 26, 2011. Thus, the deadline to file a motion under § 2255 expired on July 26, 2012 (July 26, 2011 + 1 year). Lopez-Castillo did not, however, file his § 2255 motion until November 26, 2012, some 4 months after the expiration of limitations period. As such, the instant motion is untimely filed and will be dismissed.

Lopez-Castillo argues that the court should not use § 2255(f)(1) as the starting point for the limitations period. Instead, he argues that the court should run the limitations period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," as set forth in 28 U.S.C. § 2255(f)(3). He believes that the holdings of *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) constitute newly recognized rights – as to tolling of the § 2255 limitations period under 28 U.S.C. § 2255(f)(3) – made retroactively applicable to cases on collateral review. He is mistaken in this belief, however, as the holdings in *Lafler* and *Frye* merely apply the right to effective assistance of counsel to plea negotiations – and do not touch on the § 2255 tolling issue. Lopez-Castillo thus cannot rely upon them to establish that the tolling provision of § 2255(f)(3) applies in this case.

Certainly, Lopez-Castillo has not established that equitable tolling is appropriate in the instant case. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application

of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255(f) is not jurisdictional; thus, it is subject to equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir.2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). Lopez-Castillo has not set forth any reason to apply equitable tolling to the limitations period in this case; the instant § 2255 motion remains untimely.

**Conclusion**

In sum, for the reasons set forth above, the instant motion to vacate, set aside, or correct sentence will be dismissed as untimely filed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 12th day of March, 2015.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**